IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MACK AUTHER FOREMAN, JR., AIS 200291, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:20-cv-565-RAH-JTA ) |
| NURSE HUGHES, | ) ) ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Mack Foreman, Jr., filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. On December 4, 2020, the Court entered an Order of Procedure (Doc. No. 14) directing Defendant to file an Answer and Written Report to the Complaint. The procedural order also informed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. *Id.* at 3, ¶7. The docket reflects that Plaintiff received the December 4, 2020, Order.

The Court recently determined that Plaintiff is no longer at the service address on record with the Court.[1] Accordingly, by Order of March 8, 2023, Plaintiff was directed to file—by March 22, 2023—a current address or show cause why this case should not be dismissed for his failures to comply with the orders of the Court and to adequately

---

[1] Plaintiff's service address on record is the St. Clair Correctional Facility. However, the inmate databases maintained by the Alabama Department of Corrections indicates Plaintiff is no longer in custody. *See* http://doc.state.al.us/InmateSearch (last visited March 23, 2023).

prosecute this action. Doc. No. 49. The March 8 Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in a recommendation for the dismissal of this case. *Id*. Plaintiff has filed no response.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by **April 7, 2023**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of March, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE